IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ATAYEB MOHAMMED SIDIQ-ABDELGHANI,

Petitioner,

vs.

MARKWAYNE MULLINS, in their official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE, in their official capacity as Acting Attorney General of the United States; DAVID VENTURELLA, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as St. Paul Acting Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs; and KOLBY FOOTE, in their official capacity as Warden of McCook Detention Center;

Respondents.

**4:26CV3361**

**ORDER TO SHOW CAUSE**

This matter is before the Court on Petitioner Atayeb Mohammed Sidiq-Abdelghani's petition for a writ of habeas corpus. (Filing No. 1). Sidiq-Abdelghani is a native and citizen of Sudan. (Filing No. 1 at 1). He was lawfully admitted to the United States in New York, New York as a refugee in 2012, and in 2014 adjusted status to a lawful permanent resident. (Filing No. 1-1 at 2). He has resided in Nebraska since 2016 where he has worked at Nebraska Beef. (Filing No. 1 at 4). He alleges that he has supported his wife and child and has no history of mental illness. (Filing No. 1 at 4).

On September 29, 2025, Sidiq-Abdelghani was serving a misdemeanor sentence at the Douglas County Jail in Omaha when he was encountered by an immigration officer during routine jail checks. (Filing No. 1-1 at 2). Officials alleged that Sidiq-Abdelghani was deportable and placed an immigration detainer with the jail. (Filing No. 1-1 at 2). After Sidiq-Abdelghani completed his misdemeanor jail sentence in early October, immigration officials detained him and initiated removal proceedings. (Filing No. 1-1 at 2). Sidiq-Abdelghani has been in immigration detention since October 8, 2025 and is currently detained at McCook Detention Center in McCook Nebraska. (Filing No. 1 at 3).

On December 10, 2025 an immigration judge ordered Sidiq-Abdelghani removed to Sudan. (Filing No. 1-2). Sidiq-Abdelghani states that he was directed to produce a Sudanese passport, Sudanese birth certificate, or other forms of Sudanese identification to facilitate his removal. (Filing No. 1 at 7). However, he was unable to reach anyone at the Sudanese consulate to attempt to obtain his documentation. (Filing No. 1 at 7). Sidiq-Abdelghani reported to U.S. Immigration and Customs Enforcement (ICE) that he was not able to obtain the requested documents and states that he has complied with all directions to effectuate his removal. (Filing No. 1 at 7).

ICE sent Sidiq-Abdelghani a "Decision to Continue Detention" letter on March 16, 2026. (Filing No. 1-3). The letter informed Sidiq-Abdelghani that ICE had determined to keep him in custody because "ICE expects to receive necessary travel documents to effectuate your removal, and removal is practicable, likely to occur in the reasonably foreseeable future, and in public interest." (Filing No. 1-3). The letter stated that if Sidiq-Abdelghani remained in detention after 90 days, there would be a custody review to determine whether he will continue to be detained pending removal or whether he may be released. (Filing No. 1-3).

Sidiq-Abdelghani alleges that he met with officials in May 2026, but they did not discuss his removal to Sudan. (Filing No. 1 at 7). He was asked about his employment in Omaha and where he resides. Sidiq-Abdelghani states that he has not received any additional communication from ICE. *Id*. It has now been more than 6 months since ICE extended Sidiq-Abdelghani's custody. *Id.*

Sidiq-Abdelghani responded by filing a petition for a writ of habeas corpus, citing, among other authorities, *Zadvydos v. Davis*, 533 U.S. 678 (2001). (Filing No. 1). The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Sidiq-Abdelghani] is not

entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Sidiq-Abdelghani]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* The person to whom the order is directed "shall make a return certifying the true cause of [Sidiq-Abdelghani's] detention." *Id.*

Here, the fact-bound nature Sidiq-Abdelghani's *Zadvydas* claim suggests the Court should hear from the Respondents before determining whether Sidiq-Abdelghani is entitled to any relief. Accordingly, the Court orders Sidiq-Abdelghani to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Sidiq-Abdelghani replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Sidiq-Abdelghani may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).

Accordingly,

**IT IS ORDERED:**

1. Petitioner Atayeb Mohammed Sidiq-Abdelghani shall serve his petition for a writ of habeas corpus (Filing No. 1) and a copy of this order on Respondents as soon as is practicable, and file proof of such service with the Court.
2. Respondents shall, within three business days of being served, make a return certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted. Respondents shall also specify in their return:
    a. What concrete steps have been taken to effectuate Sidiq-Abdelghani's removal;
    b. What obstacles exist to effectuating Sidiq-Abdelghani's removal;
    c. What concrete steps have been taken to address the existing obstacles; and

d. The anticipated timeline for Sidiq-Abdelghani's removal from the United States.

3. Petitioner shall reply in support of his petition within three business days of the Respondents' return.
4. The Court will then set a prompt hearing on this matter.
5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 30th day of October, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge