IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ATAYEB MOHAMMED SIDIQ-ABDELGHANI,

Petitioner,

vs.

MARKWAYNE MULLINS, in their official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE, in their official capacity as Acting Attorney General of the United States; DAVID VENTURELLA, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as St. Paul Acting Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs; and KOLBY FOOTE, in their official capacity as Warden of McCook Detention Center;

Respondents.

**4:26CV3361**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Atayeb Mohammed Sidiq-Abdelghani's petition for a writ of habeas corpus. (Filing No. 1). Sidiq-Abdelghani is a native and citizen of Sudan. (Filing No. 1 at 1). He was lawfully admitted to the United States in New York, New York as a refugee in 2012, and in 2014 adjusted status to a lawful permanent resident. (Filing No. 1-1 at 2). He has resided in Nebraska since 2016 where he has worked at Nebraska Beef. (Filing No. 1 at 4). He alleges that he has supported his wife and child and has no history of mental illness. (Filing No. 1 at 4).

On September 29, 2025, Sidiq-Abdelghani was serving a misdemeanor sentence at the Douglas County Jail in Omaha when he was encountered by an immigration officer during routine jail checks. (Filing No. 1-1 at 2). Officials alleged that Sidiq-Abdelghani was deportable and placed an immigration detainer with the jail. (Filing No. 1-1 at 2). After Sidiq-Abdelghani completed his misdemeanor jail sentence in early October, immigration officials detained him and initiated removal proceedings. (Filing No. 1-1 at 2). Sidiq-Abdelghani has been in immigration detention since October 8, 2025 and is currently detained at McCook Detention Center in McCook Nebraska. (Filing No. 1 at 3).

On December 10, 2025 an immigration judge ordered Sidiq-Abdelghani removed to Sudan. (Filing No. 1-2). Sidiq-Abdelghani states that he was directed to produce a Sudanese passport, Sudanese birth certificate, or other forms of Sudanese identification to facilitate his removal. (Filing No. 1 at 7). However, he was unable to reach anyone at the Sudanese consulate to attempt to obtain his documentation. (Filing No. 1 at 7). Sidiq-Abdelghani reported to U.S. Immigration and Customs Enforcement (ICE) that he could not obtain the requested documents and states that he has complied with all directions to effectuate his removal. (Filing No. 1 at 7).

ICE sent Sidiq-Abdelghani a "Decision to Continue Detention" letter on March 16, 2026. (Filing No. 1-3). The letter informed Sidiq-Abdelghani that ICE had determined to keep him in custody because "ICE expects to receive necessary travel documents to effectuate your removal, and removal is practicable, likely to occur in the reasonably foreseeable future, and in public interest." (Filing No. 1-3). The letter stated that if Sidiq-Abdelghani remained in detention after 90 days, there would be a custody review to determine whether he will continue to be detained pending removal or whether he may be released. (Filing No. 1-3).

Sidiq-Abdelghani alleges that he met with officials in May 2026, but they did not discuss his removal to Sudan. (Filing No. 1 at 7). He was asked about his employment in Omaha and where he resides. Sidiq-Abdelghani states that he has not received any additional communication from ICE. *Id*. It has now been more than 6 months since ICE extended Sidiq-Abdelghani's custody. *Id.*

Sidiq-Abdelghani responded by filing a petition for a writ of habeas corpus, citing, among other authorities, *Zadvydos v. Davis*, 533 U.S. 678 (2001). (Filing No. 1). The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Sidiq-Abdelghani] is not

entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Sidiq-Abdelghani]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* The person to whom the order is directed "shall make a return certifying the true cause of [Sidiq-Abdelghani's] detention." *Id.*

The Court directed Sandhu to serve his petition on the Respondents (Filing No. 3) and ordered the Respondents to file a return on the petition within three business days of service to show cause why the petition should not be granted. The Federal Respondents[1] filed a return and conceded that "U.S. Immigration and Customs Enforcement has not presented sufficient evidence to demonstrate that Petitioner's continued detention is lawful." (Filing No. 6).

## STANDARD OF REVIEW

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Sidiq-Abdelghani bears the burden to show that he is in custody in violation of the law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## DISCUSSION

In this case, the Federal Respondents do not dispute the basis for Sidiq-Abdelghani's Petition (Filing No. 6). This court finds that Sidiq-Abdelghani has carried his burden and is entitled to habeas relief.

Sidiq-Abdelghani's detention is governed by statute. 8 U.S.C. § 1231(a) governs the detention, release, and removal of individuals "ordered removed," like Sidiq-Abdelghani. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). After the entry of a final order of removal

[1] The Federal Respondents include all but the Warden of the McCook Detention Center. The Warden filed a separate response taking no position on "on the substantive issues raised in the Petition" or whether "Petitioner's writ should or should not be granted." (Filing No. 5 at 2).

against a noncitizen, the government generally must secure the noncitizen's removal during a 90-day "removal period." § 1231(a)(1)(A). The statute provides that the government "shall" detain noncitizens during the statutory removal period. § 1231(a)(2). That period must be "extended beyond" ninety days if a noncitizen "conspires or acts to prevent" their removal "subject to an order of removal." § 1231(a)(1)(C).

After the removal period expires, detention becomes discretionary. § 1231(a)(6). But that discretion has limits. *See Zadvydas*, 533 U.S. at 697. In *Zadvydas,* the U.S. Supreme Court determined that "read in light of the Constitution's demands," § 1231(a)(6) "does not permit indefinite detention" but instead "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689.

"[F]or the sake of uniform administration in the federal courts," the Supreme Court "recognize[d]" a six-month period where detention is "presumptively reasonable." *Id.* at 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The presumption, however, is not dispositive. *Id.* ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

The record shows that as of the filing of Sidiq-Abdelghani's Petition, he had been detained for 13 months and it had been more than 11 months since he was ordered removed to Sudan. Such detention is well in excess of the six-month period deemed presumptively reasonable by the Supreme Court in *Zadvydas*. Sidiq-Abdelghani has met his initial burden to show that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. The burden shifts to the Federal Respondents to "respond with evidence sufficient to rebut [Sidiq-Abdelghani's] showing." *Id.*

Here, the Federal Respondents state that "U.S. Immigration and Customs Enforcement has not presented sufficient evidence to demonstrate that Petitioner's continued detention is lawful under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), which permits detention beyond six months following a final order of removal only when there is a significant likelihood of removal in the reasonably foreseeable future." (Filing No. 6). Since the Federal Respondents concede the issue,

they have failed to rebut Sidiq-Abdelghani's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Sidiq-Abdelghani carried his burden and has shown that he is entitled to habeas relief.

Accordingly[2],

**IT IS ORDERED:**

1. Petitioner Sidiq-Abdelghani's petition for a writ of habeas corpus (Filing No. 1) is granted.
2. Respondents shall release Petitioner Sidiq-Abdelghani from custody within twenty-four hours. Petitioner Sidiq-Abdelghani will be subject to the conditions set forth in 8 U.S.C. § 1231(a)(3).
3. The Federal Respondents shall file a status report regarding Petitioner Sidiq-Abdelghani's release within three days of the Court's Memorandum and Order.
4. A separate judgment will be entered.

Dated this 10th day of November, 2026.

BY THE COURT:

Susan M. Bazis

Susan M. Bazis
United States District Judge

[2] As for Sidiq-Abdelghani's request for attorney's fees and costs under the Equal Access to Justice Act (Filing No. 1 at 13), he may move separately within thirty days of final judgment in this action to recover them. *See* 28 U.S.C. § 2412(d); 5 U.S.C. § 504.